**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CHRISTOPHER KINZLER, *et al.*                                             PLAINTIFFS

vs.                                          **4:12-CV-00097-BRW**

PNC BANK NA, *et al.*                                                     DEFENDANTS

## AMENDED ORDER

     Pending is a Motion to Dismiss by PNC Bank NA and PNC Mortgage ("Defendants")
(Doc. No. 4).  Christopher Kinzler and Neeli Kinzler ("Plaintiffs") have responded.[1]  For the
reasons set out below, Defendants' Motion is DENIED without prejudice.

## I.    BACKGROUND

     Plaintiffs mortgaged property at 163 Glenn Hill Drive, Alexander, Arkansas.  The loan
was sold to Defendant PNC Mortgage.[2]  In 2009, after getting behind on their mortgage,
Plaintiffs and PNC reached an agreement according to which Plaintiffs would pay $2,256.11 for
6 months to catch up on their payments.  PNC refused the final payment, claiming that the
correct monthly payment amount was $2,256.17 -- a difference of 6 cents per month, or 36 cents
for the 6-month period.  PNC allegedly attempted to foreclose based on this deficiency.[3]

     Plaintiffs then applied for the Making Home Affordable Program, providing Defendants
information when asked.  Plaintiffs allege they were told that they had been approved for the
program, but then received a demand letter accelerating the note and mortgage.  Plaintiffs' home

---

[1]Doc. No. 6.

[2]Doc. No. 2.

[3]Doc. No. 1.

1

was set for a non-judicial foreclosure sale despite Defendants continuing to ask for information in connection with the Making Home Affordable Program.

Defendants then asked Plaintiffs to pay $1,569.19 per month for the months of July, August, and September, 2011, which Plaintiffs allegedly did.  After making those payments, Defendants purportedly refused to accept any further payments and referred Plaintiffs to foreclosure.  Defendants sent Plaintiffs a suggested loan modification that was allegedly "fraught with errors and charges that would outrage anyone in a civilized society."[4]

Plaintiffs filed a 5-count Complaint containing the following causes of action: fraud; deceptive trade practices; deceit; outrage; and declaratory judgment.[5]  Defendants maintain that Plaintiffs' Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6]  Plaintiffs disagree.  Plaintiffs, in the alternative, ask for leave to file an amended complaint.[7]

## II.    STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[8] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[9]  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to

[4]Doc. No. 2.

[5]Doc. No. 2.

[6]Doc. No. 32.

[7]Doc. No. 33.

[8]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[9]*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

a legal basis for recovery."[10] A complaint need contain only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[11]  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[12] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]

Under the *Twombly* "plausibility standard," the allegations in a plaintiff's complaint must be evaluated to determine whether they contain facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible."[14] A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[15]

## III.   DISCUSSION

Defendants argue that dismissal under Rule 12(b)(6) is proper because Plaintiffs' Complaint fails to allege facts sufficient to state a claim for fraud or deceit, for violation of the Arkansas Deceptive Trade Practices Act; and for the tort of outrage.

---

[10]*Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

[11]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[12]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

[13]*Id.* at 555 (citations omitted).

[14]*Id.* at 570.

[15]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

A.      **Fraud, Deceit, and the Arkansas Deceptive Trade Practices Act**

Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be pled with specificity.  Fraud must be pled specifically enough to answer the "who, what, where, when, and how" of the alleged fraud.[16]  The high degree of notice "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations."[17]  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."[18]

The Complaint does not set out particulars; the exhibits attached to the Complaint do to some extent.  Still, the Complaint does not provide the "who, what, where, when, and how" as to large parts of Plaintiffs' claims, for example, the fraudulent misrepresentations about the $2,256.17 payment versus the $2,256.11 payment, among others.  These shortcomings are relevant not only as to Plaintiffs' fraud/deceit claims, but as to Plaintiffs' Arkansas Deceptive Trade Practices claims, as well.

B.      **Outrage**

Because I will allow Plaintiffs to file an amended complaint, I will not address Plaintiffs' outrage claim at this time.  I suggest, however, that Plaintiffs consider the requirements of Arkansas law carefully before including this cause of action in an amended complaint, if one is filed.

---

[16]*Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2010)(internal citations omitted).

[17]*Id.*

[18]*Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

4

**CONCLUSION**

Defendants' Motion to Dismiss is DENIED without prejudice.  Plaintiffs are directed to file

an amended complaint, if they so wish, within 10 days of the date of this order.

IT IS SO ORDERED this 21st day of March, 2012.


/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE